COBB, Judge.
Michael Armstrong filed a petition for a writ of habeas corpus in the Circuit Court of Elmore County. The petition challenged a Department of Corrections Disciplinary Board’s ruling, following a disciplinary hearing, finding Armstrong guilty of violating Department of Corrections regulation number 403, rule number 64, possession of contraband. On April 27, the State of Alabama, through the Department of Corrections, filed a motion to dismiss the petition that was totally non-responsive to the petition filed by Armstrong. On May 1, 2000, Armstrong placed in the prison mail a response to the State’s motion to dismiss, arguing, among other things, that the State’s response was directed to the wrong disciplinary proceeding. The circuit court received the response on May 3, 2000. In its order of May 2, 2000, the circuit court dismissed the petition, finding that the State’s motion to dismiss to be “well taken.” C.R. 37.
Because the circuit court stated that it denied the petition after considering Armstrong’s petition and finding the State’s motion to dismiss — a motion nonresponsive to Armstrong’s petition — to be well taken, we cannot determine what issue the circuit court resolved. Moreover, Armstrong’s claim concerning the identification of the “green leafy substance” as contraband appears, on its face, to have merit. Thus, because the circuit court’s ruling was *444 based on the State’s totally nonresponsive motion to dismiss, we remand this cause and instruct the circuit court to reconsider its ruling based on the correct disciplinary report. The circuit court may allow the State a reasonable amount of time to respond to Armstrong’s petition. On remand, the circuit court shall determine, based on the State’s response, whether it should conduct an evidentiary hearing on the petition. Thereafter, the circuit court shall make specific, written findings regarding Armstrong’s allegations. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 70 days after the release of this opinion. The return to remand shall include the circuit court’s written findings and a transcript of the proceedings, if any, conducted by the circuit court.
REMANDED WITH DIRECTIONS. 
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.